UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OLA NELSON, *individually, and as the personal representative of the estate of* Terrance L. Miles, <br><br> Plaintiff, <br><br> v. <br><br> MONROE GROUP LTD., <br><br> Defendant. | ) ) ) ) ) ) ) Cause No. 1:18-cv-00079-WCL-SLC ) ) ) ) ) ) |

## OPINION AND ORDER

Before the Court is a motion filed by Defendant seeking to compel nonparty Cornerstone Christian College Prep School ("Cornerstone") to respond to its subpoena *duces tecum*. (ECF 43). Because the motion to compel was filed in the wrong court it will be DENIED.

By way of background, on or about April 29, 2019, Defendant served Cornerstone with a subpoena, issued by the Northern District of Indiana, requesting copies of documents relating to decedent Terrance L. Miles and his children, Nyla Nelson and Josiah Miles. (ECF 43-1 at 1, 4-6). The subpoena states that these documents are to be delivered or mailed to Defendant's attorney in Indianapolis, Indiana. (ECF 43-1 at 7). Cornerstone, however, has not yet responded. (ECF 43).

Defendant, therefore, requests an order compelling Cornerstone to respond pursuant to Rule 37 of the Federal Rules of Civil Procedure. (ECF 43). An order to compel the compliance of a nonparty, though, is more properly sought under Rule 45. *See U.S. SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (recognizing the distinctions between Rule 37 sanctions for failure of a party to comply with a discovery request and Rule 45 sanctions for failure of a nonparty to comply with a discovery subpoena (citing *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338,

1341-42 (8th Cir. 1975)). Further, Rule 45(2)(B)(i) provides that a motion to compel a subpoena should be filed with "the court for the district *where compliance is required* . . . ." (Emphasis added).

Here, Defendant seeks to have Cornerstone deliver or mail documents to its counsel's office in Indianapolis, Indiana, which is in the Southern District of Indiana. The Southern District, therefore, is the court where compliance is required. *See Tomelleri v. Zazzle, Inc.*, No. 13-cv-02576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (stating that the "district where compliance is required" was the district in which the documents are to be produced). As such, this Court lacks the authority to order compliance here. *See, e.g.*, *Alerding Castor Hewitt, LLP v. Fletcher*, No. 1:16-cv-2453-RLY-DKL, 2017 WL 10187550, at *1 (S.D. Ind. Mar. 20, 2017) (concluding that the court could not compel compliance with a subpoena requiring production in the Central District of California); *Strasser v. City of Milwaukee*, Cause No. 14-cv-1456, 2017 WL 10544079, at *2 (E.D. Wis. Feb. 25, 2017) (concluding that the court could not compel compliance with a subpoena requiring production in the Northern District of Illinois).

In sum, the motion to compel should have been filed in the Southern District of Indiana where compliance with the subpoena is required, rather than the Northern District of Indiana where the subpoena was issued**.** For this reason, Defendant's motion to compel (ECF 43) is DENIED without prejudice.

SO ORDERED.

Entered this 16th day of October 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge